# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Petula H. v. Frank Bisignano, Commissioner, Social Security Administration*
        Civil No. 25-1678 -CDA

Dear Counsel:

On May 27, 2025, Plaintiff Petula H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025).  I have considered the record in this case and the parties' briefs.  ECFs 8, 11, 15 and 19. I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration.  This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 21, 2023, alleging an amended disability onset of December 19, 2022.[1]  Tr. 17.  Plaintiff's claims were denied initially and on reconsideration.  Tr. 17.  On December 10, 2024, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 17.  The ALJ held a supplemental hearing on February 5, 2025.  Tr. 17.  Following the hearing, on February 13, 2025, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame.  Tr. 14.  The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff's original disability onset date was November 1, 2018.

[2] 42 U.S.C. §§ 301 et seq.

*Petula H. v. Bisignano*
Civil No. 25-1678-CDA
July 9, 2026
Page 2

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her amended alleged onset date of December 19, 2022, through her date last insured of December 31, 2023."  Tr. 19.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, bilateral knee osteoarthritis, bilateral hip osteoarthritis, degenerative disc disease, diabetes mellitus with neuropathy, status post left shoulder rotator cuff repair and impingement, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder."  Tr. 20.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "sickle cell anemia, hypertension, left cubital tunnel syndrome, and right shoulder osteoarthritis."  Tr. 20.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 21.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; standing and walking for 2 hours in an 8-hour day; and sitting for 6 hours in an 8-hour day. She could perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never required the use of ladders, ropes, and scaffolds). She could perform jobs with frequent handling and fingering with her left hand, and perform frequent reaching with her left arm. She could perform jobs with occasional interaction with supervisors, coworkers, and the public.

Tr. 24.  The ALJ determined that Plaintiff "has no past relevant work" but could perform other jobs that existed in significant numbers in the national economy such as a Final Assembler (DOT[3]

---

[3] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of*

*Petula H. v. Bisignano*
Civil No. 25-1678-CDA
July 9, 2026
Page 3

#713.687-018), Finisher (DOT #731.687-014), and Assembler (DOT #706.684-030).  Tr. 29.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 30.

### III.  LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ's RFC determination is unsupported by substantial evidence and lacks a narrative discussion, and that the ALJ cherry-picked medical evidence of record, thus failing to consider all the material evidence.  ECF 11, at 7, 19.  Defendant counters that substantial evidence supports the RFC and that, having discussed the entire record, the ALJ "did not ignore any evidence that would have changed the outcome of the disability decision."  ECF 15, at 5, 10.

After carefully reviewing the record, the Court determines that the ALJ erred in assessing Plaintiff's RFC.  A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work."  20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform.  *See Dowling v. Comm'r of Soc. Sec. Admin.*,

---

*Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Petula H. v. Bisignano*
Civil No. 25-1678-CDA
July 9, 2026
Page 4

986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explains, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The Court agrees with Plaintiff that the ALJ's RFC lacks the support of substantial evidence. A sedentary RFC "implies a capacity to sit for at least 6 hours in an 8-hour day[.]" *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) (citation and italics omitted); *accord* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."). Here, the ALJ limited Plaintiff to sedentary work except she could occasionally lift and carry 10 pounds and less than 10 pounds frequently; she could perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing; and she could perform jobs with frequent handling and fingering with her left hand and frequent reaching with her left arm. Tr. 24. In forming this RFC, the decision does not reflect consideration of the Plaintiff's subjective complaints about the severity of her impairments, such as her complaints about being unable to sit for long periods of time. Rather, the ALJ listed what Plaintiff could perform without assistance, without weighing that against the testimony about her alleged disability.

Glaringly, the ALJ also does not provide a narrative explaining the medical evidence of record, opinions of medical sources, and how that information, taken together, supported the RFC. Instead, the ALJ defines an alleged impairment or names the source of a medical opinion, all without a narrative of what these opinions were or how the ALJ resolved any inconsistencies between those opinions and Plaintiff's subjective complaints or contrary medical records. SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The unreconciled internal inconsistencies in the ALJ's evaluation of this evidence impedes the Court's ability to trace the ALJ's reasoning. *Rodney G. v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).

It is true that the Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. *See Mascio*, 780 F.3d at 636. However, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling*, 986 F.3d at 389. Had the ALJ properly evaluated Plaintiff's ability to sit, they may have found Plaintiff to possess greater limitations that, in turn, could have altered the ultimate disability determination. Remand is necessary to address these errors.

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court

*Petula H. v. Bisignano*
Civil No. 25-1678-CDA
July 9, 2026
Page 5

expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge